UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE and
DARLA K. WHITE,   Case No. 13-21977-dob

    Debtor.

Chapter 7 Proceeding
Hon. Daniel S. Opperman
_____/
MICHAEL B. WHITE,

    Plaintiff,

v.   Adv. Proc. No. 21-2011

DONALD KNAPP, JR. et al.,

    Defendants.
_____/

OPINION AND ORDER REGARDING AMENDED MOTION TO DISMISS
ADVERSARY CASE FILED BY DONALD KNAPP, KIRAL KNAPP, ADAM D. FLORY,
DAVID J. FISHER AND SMITH BOVILL, P.C. (DOCKET NO. 44)

Debtor Michael White filed this Adversary Proceeding on May 3, 2021 against Defendants Donald Knapp, Jr., Koral Knapp, and the Knapps' attorneys, Adam Flory, David Fisher and their law firm, Smith Bovill, P.C. ("Knapp Defendants") and after a similar Saginaw County Circuit Court case filed by Mr. White against Donald Knapp, Jr. and Koral Knapp was dismissed. This dismissal was affirmed by the Michigan Court of Appeals and leave to appeal was denied by the Michigan Supreme Court. Mr. White filed a petition for writ of certiorari to the United States Supreme Court of this, which was denied on May 24, 2021. This Adversary Proceeding was filed against the Knapps alleging the same facts as in the state court case, and additionally adding as

1

defendants Collene K. Corcoran, as an attorney, individual and Chapter 7 Trustee, and the attorneys and law firm that represented the Knapps in the state court case.

In this Adversary Proceeding, Mr. White is claiming ownership of the fence and "fence items," the "profits a prendre for fish in the pond," and "20 acres of perennial pasture and perennial hay crop" all located at property sold to the Knapps, located at 11085 Block Road, Birch Run, Michigan ("Block Road Property"). The Sale of the Block Road Property free and clear of liens was approved by this Court by Order dated March 16, 2015. A Motion to Confirm the sale of this property was filed on June 11, 2015, and after a hearing on June 25, 2015, the Court entered an Order Confirming the Sale of the 11085 Block Road Property on the same day as this hearing. Debtor appealed this Order Confirming Sale, and on March 11, 2016, the District Court entered an Order Dismissing this appeal as moot because a stay of the property sale had not been obtained timely, and there was otherwise no evidence of bad faith on the part of the purchasers. The Sixth Circuit Court of Appeals affirmed the District Court's Order by Order dated March 31, 2017.

The Knapp Defendants filed the instant Motion to Dismiss, raising the following arguments in support of their Motion:

(1) Under Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject matter jurisdiction because Mr. White's claims against the Knapp Defendants would not affect the bankruptcy estate as they are unrelated state law claims that Mr. White is attempting to "bootstrap" to this Adversary Proceeding.

(2) Alternatively, under Federal Rule of Civil Procedure 12(b)(6), Mr. White has failed to state a claim upon which relief can be granted under principles of res judicata because the claims brought by Mr. White in this Adversary Proceeding against the

2

Knapps and their attorneys, as privies, were or could have been raised in the earlier, state court action.

Mr. White's Complaint contains over 400 paragraphs and at least 24 separate counts. As to the Knapp Defendants, Mr. White alleges actions that he claims deprived him of property rights, often citing various violations of Michigan statutes or case law. All of the actionable events occurred after the confirmation of the sale of the Block Road Property. Except for an occasional allegation by Mr. White that his exemptions under Section 522 were not respected, his Complaint as to the Knapp Defendants has no cause of action that was not already raised or could have been raised in the Michigan Circuit Court, Michigan Court of Appeals, or the Michigan Supreme Court.

The Court considers the relief requested by Mr. White against the Knapp Defendants to be a challenge to the sale of the Block Road Property. For the reasons stated in an Opinion and Order of even date granting the Trustee's Amended Motion to Dismiss, Mr. White does not have standing to challenge a sale approved by this Court and which sale was affirmed on appeal and is a final order in this administratively insolvent estate. However, Mr. White raises what appears to be allegations against the Knapps and/or their attorneys concerning events unrelated to the sale of the Block Road Property, and ownership of it. Specifically, Counts 6, 7 and potentially more, relate to actions alleged to have been taken by Donald Knapp and or other Knapp Defendants not directly related to the sale of this property.

The Court first addresses the Knapp Defendants' argument that this Court lacks even "related to" jurisdiction as Mr. White's Complaint allegations would not affect this bankruptcy estate as they are unrelated state law claims. Federal Rule of Civil Procedure 12(b)(1), applicable in this Adversary Proceeding through Federal Rule of Bankruptcy Procedure 7012, states:

3

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

Here, "related to" jurisdiction exists because what Mr. White seeks to undo are the Orders approving and confirming the sale of the Block Road Property. This could conceivably have an impact upon the administration of this bankruptcy estate. The Court reiterates that this "related to" jurisdiction is only applicable to any Complaint Counts that may be considered to be unrelated to the sale of the subject property. With this proviso, the Court turns to the Knapp Defendants' Rule 12(b)(6) alternative argument.

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in *Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Claim preclusion has been defined as "the relitigation of a claim under a different theory." *Dubuc v. Green Oak Township*, 312 F.3d 736, 745 (6th Cir. 2002). Michigan courts have "adopted

a broad application of res judicata that bars claims arising out of the same transaction that plaintiff could have brought but did not." *Eyde v. Charter Township of Meridian*, 324 N.W.2d 775, 777 (Mich. Ct. App. 1982) (*quoted in Dubuc*, 312 F.3d at 747).

> In Michigan, claim preclusion has the following elements: (1) the first action must have resulted in a decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies.

*Dubuc*, 312 F.3d at 747 (citing *Sloan v. City of Madison Heights*, 389 N.W.3d 418, 422 (Mich. 1986)).

The prior state court action and judgment was decided on the merits by dismissal of Mr. White's complaint in its entirety in that court, the issues were actually litigated, or might have been raised by the parties through reasonable diligence, and the actions were between the same parties, Mr. White and the Knapps, or the Knapps' privies, their attorneys. Upon review of the state court action and this action, the claims brought by Mr. White against the Knapps or their attorneys in this Adversary proceeding were or could have been raised in the earlier action.

Further, the Court concludes that what Mr. White may be seeking in any counts unrelated to the Sale Orders would be barred by the Rooker-Feldman Doctrine.

Under the United States Supreme "Court's Rooker/Feldman abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

From *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 536-37 (B.A.P. 6th Cir. 1999) (quotation marks and citations omitted):

> The [Rooker/Feldman] doctrine expresses the principle that federal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment. Rooker/Feldman is a limitation on subject matter jurisdiction in federal courts. The doctrine complements the statutory jurisdictional scheme of the federal courts . . . that limits federal review of state court proceedings to the United States Supreme Court. The Rooker-Feldman Doctrine bars a lower federal court from conducting a virtual "review" of a state court judgment for errors in construing federal law or constitutional claims "inextricably linked" with the state court judgment. The state and federal claims need not be identical for the doctrine to apply. In order to determine whether a claim is 'inextricably intertwined' with a state court claim, the federal court must analyze whether the relief requested in the federal action would effectively [*537] reverse the state court decision or void its ruling. In other words, the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

The Rooker-Feldman Doctrine is related to but different from preclusion principles. The Sixth Circuit stated that the "doctrine [is] a combination of the abstention and res judicata doctrines . . . ." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1993). The Rooker-Feldman Doctrine does have limits and should not be applied too broadly. *Skinner v. Switzer*, 562 U.S. 521 (2011); *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). As the Sixth Circuit Court of Appeals stated in *VanderKodde v. Mary June M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020), the main inquiry is whether the "source of plaintiff's injury is the state-court judgment itself".

Here, all of Mr. White's allegations were or should have been raised in the state court action and were addressed by the Michigan Courts. While it is true Mr. White's exemptions are created by Section 522, his exemptions were addressed in the order confirming the sale of the Block Road Property, which the District Court and the Sixth Circuit affirmed. Any remaining rights of Mr.

White were properly addressed by the Michigan Courts. Moreover, the May 24, 2021 denial of the writ of certiorari by the United States Supreme Court puts an end to this issue.

What Mr. White is seeking is "in substance . . . appellate review of the state court judgment" and decisions on appeal of that state court judgment in this Court. Mr. White's claims in this Adversary Proceeding are either directly based on his state court claims or so "inextricably intertwined" with such that they are precluded here by the Rooker-Feldman Doctrine as well.

WHEREFORE, IT IS HEREBY ORDERED that the Amended Motion to Dismiss filed by the Knapp Defendants is GRANTED as to Donald Knapp, Koral Knapp, Adam D. Flory, David J. Fisher and Smith Bovill P.C.

**Not for Publication**

**Signed on February 11, 2022**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

7

21-02011-dob    Doc 110    Filed 02/11/22    Entered 02/11/22 15:41:37    Page 7 of 7