UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL B. WHITE and
DARLA K. WHITE,

    Debtor.

Case No. 13-21977-dob

Chapter 7 Proceeding
Hon. Daniel S. Opperman

_____/

MICHAEL B. WHITE,

    Plaintiff,

v.

Adv. Proc. No. 21-2011

DONALD KNAPP, JR. et al.,

    Defendants.

_____/

## OPINION AND ORDER REGARDING AMENDED MOTION TO DISMISS ADVERSARY CASE FILED BY COLLENE K. CORCORAN (DOCKET NO. 36)

Debtor Michael White filed this Adversary Proceeding on May 3, 2021 against various Defendants, including Collene K. Corcoran, as Chapter 7 Trustee in this bankruptcy case, as attorney for the Trustee, and in her individual capacity ("Trustee"). Other named Defendants include: Donald Knapp, Jr., Koral Knapp, and the Knapps' attorneys, Adam Flory, David Fisher and their law firm, Smith Bovill, P.C. Mr. White filed this Adversary Proceeding after a similar Saginaw County Circuit Court case filed by Mr. White against Donald Knapp, Jr. and Koral Knapp was dismissed. This dismissal was affirmed by the Michigan Court of Appeals and leave to appeal was denied by the Michigan Supreme Court. Mr. White filed a petition for writ of certiorari to the United States Supreme Court of this, which was denied on May 24, 2021. This Adversary Proceeding was filed against the Knapps alleging the same facts as in the state court case, and

1

additionally adding as defendants the Trustee and the attorneys and law firm that represented the Knapps in the state court case.

In this Adversary Proceeding, Mr. White is claiming ownership of the fence and "fence items," the "profits a prendre for fish in the pond," and "20 acres of perennial pasture and perennial hay crop" all located at property sold to the Knapps, located at 11085 Block Road, Birch Run, Michigan ("Block Road Property"). The Sale of the Block Road Property free and clear of liens was approved by this Court by Order dated March 16, 2015. A Motion to Confirm the sale of this property was filed on June 11, 2015, and after a hearing on June 25, 2015, the Court entered an Order Confirming the Sale of the 11085 Block Road Property on the same day as this hearing. Debtor appealed this Order Confirming Sale, and on March 11, 2016, the District Court for the Eastern District of Michigan entered an Order Dismissing this appeal as moot because a stay of the property sale had not been obtained timely, and there was otherwise no evidence of bad faith on the part of the purchasers. The Sixth Circuit Court of Appeals affirmed the District Court's Order by Order dated March 31, 2017.

The Trustee filed the instant Motion to Dismiss, raising the following arguments in support of her Motion:

(1) Mr. White lacks standing to bring this action because this is not a surplus estate and is, in fact, is an administratively insolvent estate.

(2) Any allegation against her as an "individual" or in her "individual capacity" must be dismissed because she is not and cannot be sued in her individual capacity as she took no actions in her individual capacity and is not the alter ego of the Chapter 7 Trustee—all actions taken that are alleged in the Complaint are those taken by the Chapter 7 Trustee, in her official capacity.

(3) The Trustee's actions and her actions taken in her capacity as attorney for the Trustee are entitled to quasi-judicial immunity as all such actions occurred in compliance with her duties and valid orders of the Bankruptcy Court. Any allegations that these actions exceed the scope of her duties as Trustee are not true as all actions related to property of the bankruptcy estate, not property of Mr. White.

(4) Debtor's Complaint is barred by res judicata and collateral estoppel as the Orders allowing and confirming the sale of the Block Road Property are final orders of this Court. Additionally, the final order of the Saginaw County Circuit Court bar any further action in this Court under the Rooker-Feldman Doctrine.

The Court addresses the standing argument first as that is dispositive. "'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).'" *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

As held in the case of *In re Cormier*, 382 B.R. 377 (Bankr. W.D. Mich. 2008), in order to demonstrate standing generally, a party must meet three elements:

(1) Actual or threatened injury resulting from the conduct or action of another;

(2) an injury which can be traced to the challenged conduct or action; and

(3) the injury may be redressed by a favorable decision by the court.

*Id*. at 410. As to the first element, requiring an "actual or threatened injury, resulting from the conduct or action of another," the *Cormier* Court held that Chapter 7 debtors will rarely be able to meet this standard, because "no matter how the estate's assets are disbursed by the trustee, no

3

assets will revert to the debtor." *Id*. at 410. A debtor thus has no injury to object to the sale of property of the estate by a trustee, if the debtor is granted his allowed exemption under applicable law. *Id*. The same would not be true, of course, if the Trustee proposed a sale for an amount less than the Debtor's claimed exemption as such would then adversely affect his pecuniary interest and, thus, result in "actual injury" under element one.

There is no dispute that this is currently an administratively insolvent estate. Mr. White is attempting to create a surplus estate through this Adversary Proceeding based upon his claim to an ownership interest in the Block Road Property. Any items Mr. White now claims are his in this Adversary Proceeding were part of the real property sold to the Knapps. If Mr. White claims a written lease agreement separate as to any of the property connected with the Block Road Property, such as future crops or pasture, such would not be valid as violating the Michigan Statute of Frauds. M.C.L.A. § 566.132(1)(e) (requiring a writing for certain agreements, contracts and promises concerning an interest in real estate). Any interest he may have had was sold, and the sale was appealed to both the District Court and the Sixth Circuit Court of Appeals, and both appeals were dismissed. Accordingly, Mr. White does not have standing to object to a sale approved by this Court and which sale was affirmed on appeal and is a final order.

Because the Court has determined it lacks subject matter jurisdiction over this Adversary Proceeding as to the Counts against the Trustee under Rule 12(b)(1) due to Mr. White's lack of standing, it need not address the other arguments raised by the Trustee in her Amended Motion to Dismiss.

The Court observes that by an Opinion and Order of even date, the Court has addressed the issues of res judicata, collateral estoppel and the Rooker-Feldman Doctrine. To the extent that the Court's analysis applies to actions against the Trustee, dismissal of this case is warranted.

WHEREFORE, IT IS HEREBY ORDERED that the Trustee's Amended Motion to Dismiss is GRANTED as to the Trustee. As this Opinion and Order results in the dismissal of all of Plaintiff's actions against all Defendants, the Clerk of the Court is directed to close this adversary proceeding.

**Not for Publication**

**Signed on February 11, 2022**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**